**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUSAN MAE POLK, | No. 15-17425 |
| Plaintiff-Appellant, | D.C. No. 1:12-cv-01094-LJO-BAM |
| v. | |
| GODINA, C/O; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted June 26, 2017[**]

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

California state prisoner Susan Mae Polk appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging various constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Wilhelm v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Polk's First Amendment retaliation claims because Polk failed to allege facts sufficient to show that defendants took adverse action against Polk because of protected conduct, that defendants' actions harmed Polk or otherwise chilled exercise of her First Amendment rights, and that defendants' actions were not undertaken to advance legitimate correctional purposes. *See Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012) (elements of First Amendment retaliation claim in prison context); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed Polk's access-to-court claims because Polk failed to allege facts sufficient to show that she suffered an actual injury as a result of the alleged deprivations. *See Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002) (requirements for access-to-courts claim).

The district court properly dismissed Polk's conspiracy claims, because Polk failed to allege facts sufficient to show any actual deprivation of her constitutional rights as a result of the alleged conspiracy. *See Woodrum v. Woodward County,*

*Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989) (elements of conspiracy claim under § 1983).

The district court properly dismissed Polk's due process claim against defendant Stockton based on Stockton's alleged deprivation of her property because Polk has an adequate post-deprivation remedy under California law. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations.").

Dismissal of Polk's Eighth Amendment claim based on an alleged deprivation of food by unnamed prison officials was proper because Polk failed to allege facts sufficient to show that she suffered a sufficiently serious deprivation. *See Hebbe*, 627 F.3d at 342; *LeMaire v. Maass*, 12 F.3d 1444, 1451-52, 1456 (9th Cir. 1993) (explaining that Eighth Amendment "requires only that prisoners receive food that is adequate to maintain health.").

Contrary to Polk's contention, her allegations of deliberate indifference by defendant Cate were insufficient to support her claim of deliberate indifference by Cate's successor. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisor may be held liable under § 1983 if, among other things, he or she is personally involved); *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (Eleventh Amendment prohibits suits against state officials acting in their official capacities).

3                                                                    15-17425

Contrary to Polk's contention, the district court acted within its discretion by assessing a strike under 28 U.S.C. § 1915(g).

The district court did not abuse its discretion in denying Polk's request to amend following dismissal of her second amended complaint, because Polk had already twice been granted leave to amend. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in denying subsequent motions to amend is particularly broad" (citation and internal quotation marks omitted)).

We reject as unsupported by the record Polk's arguments that the magistrate judge should have granted her January 29, 2015 motion for extension of time, that the district court violated Polk's due process rights, that the magistrate judge was biased, and that Polk should have been allowed to join claims from other lawsuits.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**